UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kristina Pliscott,                                              Civil No. 13-1390 (SRN/SER)

      Plaintiff,

v.                                              **AMENDED REPORT AND RECOMMENDATION**

Carolyn W. Colvin,
Acting Commissioner of Social Security,

      Defendant.

---

    Kristina Pliscott, *pro se*.

    Ann M. Bildtsen, Esq., Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

    Plaintiff Kristina ("Pliscott") seeks review of the Commissioner of Social Security's ("Commissioner") denial of her application for social security disability insurance benefits ("DIB"), pursuant to 42 U.S.C. § 405(g). The Commissioner filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 4]. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the Commissioner's motion be granted.

**I.**    **BACKGROUND**

    **A.**    **Procedural History**

Pliscott protectively filed an application for disability insurance benefits ("DIB") on June 19, 2006, alleging a disability onset date of May 1, 1996. (Declaration of Patrick J. Herbst[1] ("Herbst Decl.") ¶ 3(a), Ex. 1, p. 4) [Doc. No. 6]. Pliscott's application was denied initially on September 12, 2006, and denied on reconsideration. (*Id.*) Pliscott requested a hearing. (*Id.*) Administrative Law Judge ("ALJ") Roger W. Thomas heard the matter on August 19, 2008, and issued an unfavorable decision on November 28, 2008. (*Id.*, Ex. 1, pp. 1, 4). The Appeals Council denied Pliscott's request for review on July 31, 2009, sending her a notice of its action, and informing her of her right to commence a civil action within sixty days of receipt of the notice. (Herbst Decl., ¶ 3(a), Ex. 2). The denial of review rendered the ALJ's decision final. *See,* 42 U.S.C. § 405(g); *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

Pliscott requested an extension of time to file a civil action on October 2, 2009, and the Appeals Council granted the request on June 1, 2010, giving Pliscott a sixty-day extension. (*Id.*, ¶ 3(b), Exs. 3 and 4). Pliscott requested another extension of the time to file a civil action on September 11, 2010. (*Id.*, ¶ 3(c), Ex. 5). The Appeals Council granted the request, giving Pliscott sixty days from the receipt of the September 14, 2010 letter. (*Id.*, Ex. 6).

More than two years later, on March 8, 2013, Pliscott requested that the Appeals Council reopen the case or grant an extension of time to file a civil action. (*Id.*, ¶ 3(d), Ex. 7). The Appeals Council denied both requests. (*Id.*, Ex. 8). Pliscott alleges she called the Social Security Office in St. Paul, and she was verbally given permission to file her civil action by June 14, 2013. (Mem. that the Mot. to Dismiss be Denied ("Pl's Mem.") at 2) [Doc. No. 11].

---

[1] Patrick Herbst is the Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, of the Social Security Administration. (Herbst Decl.)

On June 7, 2013, Pliscott filed a complaint in this Court, seeking judicial review of the Commissioner's November 28, 2008 final decision denying her application for social security disability benefits. She contends the sixty-day period for filing a civil action for judicial review should be equitably tolled because the local Social Security Office in St. Paul provided her with a misleading letter that stated a claimant *must* have an attorney to file a civil action for judicial review of an agency decision in federal court. (Pl's Mem. at 2-3, Ex. 1).

## II.     STANDARD OF REVIEW

A civil complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, "the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). In deciding a motion to dismiss for failure to state a claim, a court may consider the complaint and materials that are "necessarily embraced by the proceedings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting *Piper Jaffray Cos. v. National Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997)).

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

In support of the motion to dismiss, the Commissioner submitted a declaration with eight exhibits. (Herbst Decl.) By Order dated October 31, 2013, the Court permitted Pliscott to serve and file a memorandum and any supporting documents in response to the motion to dismiss. [Doc. No. 8]. Pliscott filed a memorandum with 151 pages of exhibits.[2] [Doc. Nos. 11 and 12].

---

[2] Most of the exhibits relate solely to Pliscott's challenge of the ALJ's decision.

Because the Court has considered matters outside the pleadings, the motion to dismiss will be treated as a motion for summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must "view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party." *Carraher v. Target Corp.*, 503 F.3d 714, 716 (8th Cir. 2007) (citing *Williams v. City of Carl Junction, MO.*, 480 F.3d 871, 873 (8th Cir. 2007)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. DISCUSSION

The procedure for commencing a civil action for judicial review of a final decision of the Commissioner of Social Security is found in 42 U.S.C. § 405(g): which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The SSA has interpreted this provision to mean that the period begins to run on the date that the individual receives notice of the decision. It is presumed that the applicant received the notice five days after mailing of the decision, unless there is a reasonable showing to the contrary. *See*, 20 C.F.R. §§ 404.981, 422.210(c). The Appeals Council may extend the sixty-day period upon a showing of good cause. 20 C.F.R. § 422.210(c). The sixty-day period is not jurisdictional, but it is a condition on the waiver of sovereign immunity that must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986). Nonetheless, equitable

tolling is allowed "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* at 480 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 330 (1976)). Equitable tolling of the sixty-day period has been allowed "only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way. . ." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988); *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003).

When the Appeals Council first denied review of the ALJ's decision, it provided the following notice to Pliscott on July 31, 2009:

> You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.
>
> You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.
>
> You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. . . .

(Herbst Decl., Ex. 2). If this had been the only information Pliscott was provided, it should have been clear that she could file a civil action without an attorney. The notice, however, also stated:

> If you have any questions, you may call, write, or visit any Social Security office. If you do call or visit an office, please have this notice with you. The telephone number of the local office that serves your area is (866)667-7481. Its address is:
> Social Security
> 190 5th St E Ste 800
> St Paul, MN 55101-1833

5

(*Id.*)

Pliscott alleges she went to the Social Security office in St. Paul and received a printout,[3] dated September 28, 2009, which explained the appeals process as follows:

> **District Court Case:**   You must have an attorney at this level of appeal.  He or she must file a case against Social Security in District Court.  Your case will be heard by a district court judge who will notify you in writing of the decision on your case.

(Pl's Mem., Ex. 1, p. 2).

Subsequently, Pliscott requested and was granted two extensions of the sixty-day period for filing a civil action.  (Herbst Decl., Exs. 4 and 6).  In Pliscott's second request for an extension, on September 11, 2010, her husband wrote on her behalf:

> As Attorneys don't do cases like this [appeal to district court] unless they handled it from the start, Kristina is seeking the ok to represent herself (husband to represent her)  Please verify you will allow this. . . . We will allow 60 days from Aug 10 2010 to respond to this information  If not proceedings will go on and it will be thought you are ok with a filing at district court in October 2010. . . . If you do not need time please respond in 10 to 30 days from Aug 10 2010 and we will file at that time.

(*Id.*, Ex. 5, p. 4-5).  Pliscott was still under the impression that she needed permission to represent herself to file a civil action in district court, yet she represented she would assume the agency's silence on the issue was permission to do so.

The September 14, 2010 notice from the Appeals Council, granting an extension for Pliscott to file a civil action, provided:

> **We Are Giving You More Time to File a Civil Action**
> The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 60 days from the date you receive this letter.  We assume that you received this letter 5

---

[3] Pliscott provided a copy of the document, and it appears to be a printout from the social security.gov website.

> days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> **If You Have Any Questions**
> If you have any questions, you may call, write, or visit any Social Security office. If you do call or visit an office, please have this notice with you. The telephone number of the local office that serves your area is (866)667-7481. Its address is:
> > Social Security
> > 190 5th St E Ste 800
> > St Paul, MN 55101-1833

(*Id.*)  The notice does not contain a response to Pliscott's request for permission to represent herself in federal court.

Pliscott did not file a civil action within sixty-five days of September 14, 2010, the deadline under 42 U.S.C. § 405(g). Instead, on March 13, 2013, Pliscott, by her husband, filed another motion for extension of time or for further review by the Appeals Council. (Herbst Decl., Ex. 7). Pliscott's husband stated he just obtained the documents he needed to appeal the case, and he now had more time to work on the appeal because he had been laid off. (*Id.*) The Appeals Council denied both the request to reopen and the request for extension of time to file a civil action. (*Id.*, Ex. 8).

In deciding the Commissioner's motion for summary judgment, the court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to Pliscott. On September 11, 2010, Pliscott advised the SSA she would consider its silence on her request for permission to represent herself in a civil action as permission to do so, and she was ready to timely comply if granted the extension. Pliscott then waited more than two years to act. Her request to reopen or for an extension of time in March 2013 suggests that her failure to act earlier was due to her busy life, not her mistaken belief that she could not file a civil action without an attorney. Although Pliscott was provided conflicting information from the Appeal

Council's initial notice of her right to bring a civil action and from the local Social Security Office a few months later, it appears that her failure to timely file a civil action after her second extension of time was due to lack of diligence. If any confusion remained about her ability to proceed in district court *pro se*, a phone call to the court would have cleared it up. This is not the type of case where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate."

## IV. RECOMMENDATION

Based on all the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. The Commissioner's Motion to Dismiss be GRANTED [Doc. No. 4];

2. If this Report and Recommendation is adopted, that the case be dismissed with prejudice and judgment be entered.


Dated: July 11, 2014

*s/ Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

## NOTICE

Under D.Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 25, 2014**, a writing which specifically identifies those portions of the Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.