# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristina Pliscott,<br><br>   Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 13-cv-1390 (SRN/SER)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Kristina Pliscott, Pro Se; and

Ann M. Bildtsen, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Amended Objection[1] [Doc. No. 17] and Corrected Amended Objection[2] [Doc. No. 19] to United States Magistrate Judge Steven E. Rau's July 11, 2014, Amended Report and Recommendation ("Am. R & R") [Doc. No. 15]. The Magistrate Judge recommended that this Court grant Defendant's Motion to Dismiss [Doc. No. 4]. For the reasons set forth below, Plaintiff's objections are overruled and the Court adopts the R & R in its entirety.

---

[1] Plaintiff did not file an original objection to the Amended Report and Recommendation. Only the Amended Objection and Corrected Amended Objection were filed.
[2] Plaintiff's Corrected Amended Objection revised only one word—"unemployability" from "employability." (Corrected Am. Obj. at 2 [Doc. No. 19].)

## II.   BACKGROUND

The factual and procedural background of this matter is thoroughly detailed in the Magistrate Judge's Amended R & R and is incorporated herein by reference. (Am. R & R [Doc. No. 15].)  Briefly, Plaintiff Kristina Pliscott ("Pliscott") applied for disability insurance benefits on June 19, 2006, claiming that she became disabled on May 1, 1996. (Herbst Decl. ¶ 3(a), Ex. 1, p. 4 [Doc. No. 6].)  Pliscott's claim was denied on September 12, 2006, and denied again on reconsideration.  (Id.)  Subsequently, Pliscott's request for a hearing was granted and on August 19, 2008, an Administrative Law Judge ("ALJ") heard the matter.  (Id.)  On November 28, 2008, the ALJ issued his decision denying Pliscott's claim.  (Id.)  The Appeals Council denied Pliscott's request for review on July 31, 2009, sending her a notice of its action, and informing her of her right to commence a civil action within sixty days pursuant to 42 U.S.C. § 405(g).  (Herbst Decl. ¶ 3(a), Ex. 2 [Doc. No. 6].) The Appeals Council's denial of review rendered the ALJ's decision final.  (Id.)

On two occasions (October 2, 2009 and September 11, 2010), Pliscott requested and was granted a sixty-day extension of the time to file a civil action.  (Herbst Decl. ¶ 3(b)–(c), Exs. 3–5 [Doc. No. 6].)  On March 8, 2013, more than two years after the September 11, 2010 extension expired, Pliscott requested that the Appeals Council reopen her case or grant another extension.  (Id. at ¶ 3(d), Ex. 7.)  The Appeals Council denied both requests.  (Id.)

Pliscott filed this action on June 7, 2013 [Doc. No. 1].  Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 4].  Because the Court considered matters outside of the pleadings, including numerous exhibits submitted by both parties,

Defendant's Motion to Dismiss was converted to a motion for summary judgment. (Am. R & R at 4 [Doc. No. 15].) The Magistrate Judge found that Pliscott's Complaint was untimely filed—more than two years after the sixty-day filing period provided by 42 U.S.C. § 405(g) had lapsed. (Id. at 7.) Moreover, the Court determined that Pliscott's delay in filing was due only to lack of diligence on her part, and accordingly, equitable tolling was not warranted. (Id. at 8.) Concluding that this case is time-barred under 42 U.S.C. § 405(g), the Magistrate Judge recommended dismissal of this action. (Id.)

### III.   DISCUSSION

The district court reviews de novo those portions of the R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). The Court gives Pliscott's objections the most liberal construction possible in light of her pro se status.

Pliscott first objects to the Magistrate Judge's finding that the Defendant met its burden of proof with respect to the untimeliness of her Complaint. (Corrected Am. Obj. at 2 [Doc. No. 19].) This objection is without merit. There is sufficient evidence on record establishing that Pliscott's Complaint was filed more than two years after the sixty-day period provided by 42 U.S.C. § 405(g) had run. (See Herbst Decl. ¶ 3(a)–(e), Exs. 1–8 [Doc. No. 6].) Moreover, after receiving two sixty-day extensions to file suit, Pliscott still failed to commence the instant legal action until June 7, 2013—nearly three years after the second extension period had run.

Pliscott next objects to the Magistrate Judge's consideration of matters outside the pleadings with respect to Defendant's Motion to Dismiss. (Corrected Am. Obj. at 2 [Doc. No. 19].) Pliscott argues this was improper—asserting that the Defendant has fraudulently concealed or withheld the relevant information from her. (Id.) As both parties submitted numerous exhibits to the Court for consideration,[3] the Magistrate Judge properly converted Defendant's Motion to Dismiss to a motion for summary judgment. See Fed. R. Civ. P. 12(d). There is no evidence that the Defendant has withheld any information from Pliscott. Pliscott was properly served the Declaration and corresponding exhibits used by the Defendant to support the Motion to Dismiss. [Doc. No. 7] Accordingly, this objection is also meritless.

On the basis of the Defendant's purported fraudulent behavior, Pliscott attempts to recharacterize her claim, asserting arguments under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Pliscott has not amended her Complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, which allows a party to "amend its pleading once as a matter of course within 21 days after serving it …." Accordingly, under Federal Rule 15(a)(2), the Court must grant leave in order for Pliscott to amend her Complaint "when justice so requires." The determination as to whether to grant leave is entrusted entirely to the

---

[3] In support of the Motion to Dismiss, the Defendant submitted a declaration with eight exhibits. (Herbst Decl.) By Order dated October 31, 2013, the Court permitted Pliscott to serve and file a memorandum and any supporting documents in response to the motion to dismiss [Doc. No. 8]. Pliscott filed a memorandum with 151 pages of exhibits [Doc. Nos. 11, 12]. Most of the exhibits related solely to Pliscott's challenge of the ALJ's decision.

discretion of the Court. Niagara of Wisconsin Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

Although amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, there is no absolute right to amend. Ferguson v. Cape Girardeau Cnty., 88 F.3d 647, 650–51 (8th Cir. 1996) (citations omitted). Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, *futility of the amendment* or unfair prejudice to the opposing party." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (emphasis added). An amendment is futile if the amended complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008).

Here, there is no basis for a RICO claim against the Defendant. RICO is a "unique cause of action … concerned with eradicating organized, long-term, habitual criminal activity" and is not applicable here. Crest Const. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir. 2011) (quoting Gamboa v. Velez, 457 F.3d 703, 705 (7th Cir. 2006)). Accordingly, granting Pliscott leave to amend the Complaint would be futile, as the amended Complaint could not withstand dismissal under Federal Rule of Civil Procedure 12(b)(6).

Finally, Pliscott objects to the Magistrate Judge's finding that tolling of the limitations period is not appropriate in this case. (Corrected Am. Obj. at 4 [Doc. No. 19].) In her objections, Pliscott asks the Court to consider her diligence in filing the instant legal action, as she claims she was hospitalized multiple times during the period of April 19, 2012 to March 8, 2013.

Equitable tolling of the sixty-day period has been allowed "only in those cases where the government has hindered a claimant's attempts to exercise her rights" and generally involves fraudulent conduct by someone other than the claimant. Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988). In denying Pliscott's request for equitable tolling, the Magistrate Judge correctly applied this standard.

In Pliscott's second request for a sixty-day filing extension (dated September 11, 2010), her husband, writing on her behalf, stated he planned to file Pliscott's complaint in October 2010. (Herbst Decl., Ex. 5, p. 4–5 [Doc. No. 6].) On September 14, 2010, the Appeals Council granted Pliscott a second sixty-day filing extension. (Id., Ex. 6.) Pliscott, or her husband on her behalf, did not file a complaint within the second extension period.

Instead, Pliscott's husband waited over two years to act, requesting another filing extension on March 13, 2013. (Id., Ex. 7.) In the request, Pliscott's husband stated he just obtained the documents needed to appeal the case, and he now had more time to work on the appeal because he had been laid off. (Id.) Pliscott's husband made no mention of his wife's hospitalization as a reason for the untimeliness of his action. The Court agrees with the Magistrate Judge's finding that failure to timely file a civil action until nearly three years after the second extension was granted was due to lack of diligence and not any other circumstance in this case. Accordingly, the Court finds that this is not a case where equitable tolling is warranted.

The Court has conducted a de novo review of the record and, for all the reasons set forth herein, finds that the Amended R & R is fully supported by law and fact.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's objections [Doc. Nos. 17, 19] to Magistrate Judge Steven E. Rau's July 11, 2014 Amended Report and Recommendation are **OVERRULED**;

2. Magistrate Judge Steven E. Rau's July 11, 2014 Amended Report and Recommendation [Doc. No. 15] is **ADOPTED**;

3. Defendant's Motion to Dismiss [Doc. No. 4] is **GRANTED**; and

4. Plaintiff's Complaint [Doc. No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  August 13, 2014                                      s/Susan Richard Nelson
                                                             SUSAN RICHARD NELSON
                                                             United States District Judge