# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristina Pliscott,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.13cv01390 (SRN/SER)<br><br><br>**ORDER** |

Kristina Pliscott, plaintiff pro se.

Ann M. Bildtsen, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street, Minneapolis, MN 55415, for Defendant.

_____

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the Court upon the Plaintiff's Response to Judgment and Request for Reconsideration [Doc. No. 26], which the Court construes as a Motion for Reconsideration. For the reasons set forth below, the Court denies the motion.

## II.   BACKGROUND

The factual and procedural background of this matter is thoroughly detailed in the Magistrate Judge's Amended Report & Recommendation (R&R) and is incorporated herein by reference. (Am. R&R [Doc. No. 15].) Briefly, Plaintiff Kristina Pliscott ("Pliscott") filed this action, challenging a 2009 decision by the Department of Social Security that denied her application for disability benefits. Although she had requested,

and had been granted, two sixty-day extensions of the time to file a civil action, she did not file this action until June 7, 2013 [Doc. No. 1], more than two years after the filing period provided by 42 U.S.C. § 405(g) had expired.

The Magistrate Judge issued an R&R on the Defendant's Motion to Dismiss, finding that Pliscott's Complaint not timely filed. (Am. R&R [Doc. No. 15] at 7.) Moreover, the Court determined that Pliscott's delay in filing was due only to a lack of diligence on her part, and accordingly, equitable tolling was not warranted. (Id. at 8.) Concluding that this case is time-barred under 42 U.S.C. § 405(g), the Magistrate Judge recommended dismissal of this action. (Id.)

Plaintiff objected to the R&R, arguing, among other things, that her deadline to file should have been tolled on the basis of the Defendant's purportedly fraudulent behavior by citing the Racketeer Influenced and Corrupt Organizations Act ("RICO").  After carefully considering and rejecting Pliscott's claims, this Court ultimately adopted the Amended R&R in its entirety.  (Order [Doc. No. 23].)  Plaintiff then filed this motion for reconsideration.

## III. DISCUSSION

Motions for reconsideration are expressly disfavored by the Court.  "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. LR 7.1(h).  Instead, Fed. R. Civ. P.  60(b) only "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like.)" *Broadway v. Norris*, 193 F.3d

987, 989 (8th Cir.1999). As the Eighth Circuit has noted, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration." *Id.,* at 990. A Rule 60(b) motion, brought as a "motion for reconsideration," "is not a vehicle for simple reargument on the merits," even where the movant reargues the merits "somewhat more fully." *Id.*, at 989-90.

Plaintiff's motion essentially reargues a position that has already been rejected by this Court. There is no RICO claim in this case that tolls the expiration of the September 11, 2010 extension. As a result, the Court must deny her request for reconsideration.

Accordingly, based on the foregoing and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Response to Judgment and Request for Reconsideration [Doc. No. 26] is DENIED.

Dated: September 23, 2014

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge